USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/22/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORIO CEPEDA,

Petitioner,

-against-

CHRISTOPHER SHANAHAN, in his official capacity as New York Field Office Director for U.S. Immigration and Customs Enforcement, SCOTT MECHKOWSKI, in his official capacity as Assistant Field Office Director of U.S. Immigration and Customs Enforcement, YVETTE TAY-TAYLOR, in her official capacity as Assistant Field Office Director of U.S. Immigration and Customs Enforcement, TISH NALLS CASTILLO, in her official capacity as Director for Hudson County Correctional Facility, SARAH SALDAÑA, in her official capacity as Acting Director of U.S. Immigration and Customs Enforcement, JEH JOHNSON, in his official capacity as Secretary of the U.S. Department of Homeland Security, LORETTA LYNCH, in her official capacity as the Attorney General of the United States, and the U.S. DEPARTMENT OF HOMELAND SECURITY,

Respondents.

15 Civ. 09446 (AT)

**MEMORANDUM AND ORDER**

ANALISA TORRES, District Judge:

Petitioner, Gregorio Cepeda, has been detained by U.S. Immigration and Customs Enforcement ("ICE") since June 17, 2015. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the adequacy of the individualized bond hearing he received while in detention. For the reasons that follow, Cepeda's petition is STAYED pending exhaustion of his administrative remedies.

## BACKGROUND

On May 25, 2005, Cepeda, a citizen of the Dominican Republic, immigrated to the United States as a lawful permanent resident on a visa sponsored by his father. Decl. of Gregorio Cepeda ("Cepeda Decl.") ¶ 4, ECF No. 4. Since his arrival, Cepeda has been steadily employed and has supported his family, including his fiancée and three daughters who are U.S. citizens. Pet. ¶¶ 18-22, ECF No. 1. On July 25, 2013, in Supreme Court, Queens County, Cepeda pleaded guilty to criminal sale of a controlled substance (cocaine) in the fifth degree in violation of New York Penal Law ("NYPL") § 220.31. *Id.* ¶¶ 23, 24. On December 5, 2013, Cepeda was sentenced to "five years' probation, a six-month license suspension, and a six-month prison sentence that was reduced to four months of time served." *Id.* ¶ 25. Cepeda resumed employment, and abided by the terms of his probation. *Id.* ¶¶ 26, 27. Over one year and six months later, on June 17, 2015, eight ICE agents went to Cepeda's home, served him with a Notice to Appear for removal proceedings, arrested him, and transported him to ICE's New York Field Office. Cepeda Decl. ¶ 12; Decl. of Andrew Amer ("Amer Decl.") Ex. D, ECF No. 3. Cepeda remains detained, alternating between the Varick Street Processing Center in New York and the Hudson County Correctional Facility in New Jersey. Decl. of Lauren Major ("Major Decl.") ¶ 5, ECF No. 6.

On December 2, 2015, Cepeda appeared for a bond hearing before an immigration judge ("IJ"). *Id.* ¶¶ 8, 9; Gov't Return to Habeas Pet. ("Gov't Return") Ex. 7 ("Bond Hearing"), ECF No. 20-7. In support of his request for a bond, Cepeda submitted a letter brief, accompanied by letters and affidavits from family members attesting to his good character and responsibility, a letter from his employer stating that he would re-hire Cepeda upon release, and a letter from a social worker describing how she would facilitate Cepeda's reentry. *See generally* Supp. Decl.

of Lauren Major ("Major Supp. Decl.") Ex. A, ECF No. 17. In opposition, the government submitted an "immigrant data summary" document, and Cepeda's rap sheet, certificate of disposition, and charging documents, including the criminal complaint, from his 2013 drug conviction. *See* Gov't Return Exs. 2, 3; Major Supp. Decl. Ex. B. "[L]ooking at what the Government submitted," the IJ found that Cepeda was a "drug dealer . . . involved in multiple drug transactions." Bond Hearing at 5-6. The "superior court information . . . corroborated" the government's argument, and although Cepeda "present[ed] certain equities," he "very recent[ly]" committed a crime which indicated his participation in the drug culture, "a culture riddled with violence." *Id.* at 5-6, 8. Because the IJ found that Cepeda "[was] clearly a significant danger to the community," and that the government "ha[d] met its burden of proof," he denied bond. *Id.* at 8-9. On December 2, 2015, following his hearing, Cepeda filed this petition for a writ of habeas corpus, ECF No. 1, and on January 2, 2016, Cepeda appealed the bond decision to the Board of Immigration Appeals ("BIA"), *see* Gov't Return Ex. 10.

## DISCUSSION

Habeas relief will be granted if the detainee "demonstrate[s] that he is being detained in violation of the Constitution or laws or treaties of the United States." *Araujo-Cortes v. Shanahan*, 35 F. Supp. 3d 533, 539 (S.D.N.Y. 2014) (internal quotation marks omitted) (citing 28 U.S.C. § 2241). Cepeda is being detained pursuant to 8 U.S.C. § 1226(c), a statute which mandates the detention of non-citizens who are convicted of certain crimes—relevant here, drug-related crimes—for the duration of their removal proceedings. "It is well-settled that the Fifth Amendment entitles [non-citizens] to due process in deportation proceedings." *Lora v. Shanahan*, 804 F.3d 601, 613 (2d Cir. 2015) (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)). Among the process due to "an immigrant detained pursuant to [§] 1226(c)" is a "bail hearing

before an immigration judge within six months of his or her detention." *Id.* at 616. At the hearing, "the detainee must be admitted to bail unless the government establishes by clear and convincing evidence that the immigrant poses a risk of flight or a risk of danger to the community." *Id.* (citing *Rodriguez v. Robbins*, 715 F.3d 1127, 1131 (9th Cir. 2013)). Pursuant to *Lora*, Cepeda received a timely bond hearing at which an IJ determined that the government met its burden of establishing that Cepeda was a danger to the community, thereby denying him bail.

The government contends that Cepeda's petition is an improper attempt to reargue the issue of whether Cepeda is entitled to bail. By statute, a court may not review the "discretionary judgment" of an IJ "regarding the detention or release of any [non-citizen] or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). Therefore, the Court lacks jurisdiction to "review the weight that the IJ . . . assigned the evidence or any other discretionary determinations the IJ . . . made, including the determination that [Cepeda] must be detained pending a decision on whether he should be removed." *Hamilton v. Shanahan*, No. 09 Civ. 6869, 2009 WL 5173927, at *3 (S.D.N.Y. Dec. 30, 2009).

Cepeda claims, however, that the hearing was inadequate because the IJ failed to apply the appropriate standard of proof. Therefore, Cepeda contends, his continued detention violates his due process rights. Although the difference between reviewing the IJ's determination for constitutional, as opposed to evidentiary, soundness is not stark, Cepeda is entitled to a forum for his constitutional challenge to the proceedings that resulted in his continued detention. *See Denmore v. Kim*, 538 U.S. 510, 517 (2003); *see also Hamilton*, 2009 WL 5173927, at *3 (finding that the court had jurisdiction over "a procedural due process challenge to the sufficiency of the procedures afforded to [the detainee] in connection with his bond hearing

before the IJ"). To the extent Cepeda complains that his bond hearing was constitutionally deficient—that is, that the government's evidence could not, as a matter of law, establish clearly and convincingly that Cepeda was dangerous, and therefore he was not accorded the process he is due—he can seek redress from this Court. *See Santosky v. Kramer*, 455 U.S. 745, 754 (1982) (directing courts to consider certain factors "to determine whether a particular standard of proof in a particular proceeding satisfies due process"); *Singh v. Holder*, 638 F.3d 1196, 1201-02 (9th Cir. 2011) (reversing a district court which found it did not have jurisdiction over a petition challenging the applied burden of proof in a bond hearing); *Judulang v. Chertoff*, 562 F. Supp. 2d 1119, 1127 (S.D. Cal. 2008) ("The evidence before the IJ failed, as a matter of law, to prove flight risk or danger . . . . Accordingly, under the facts of this case, [the p]etitioner's continued detention is not authorized by statute.").

That said, it is premature to reach this constitutional question. Cepeda has appealed the IJ's decision to the BIA, and thus has not yet exhausted his administrative remedies. There is "no statutory requirement that a habeas petitioner exhaust his administrative remedies before challenging his immigration detention." *Araujo-Cortes*, 35 F. Supp. 3d at 538. Courts impose, however, a judicially created requirement that "a petitioner must exhaust his administrative remedies before seeking federal court intervention." *Id.* Although this exhaustion requirement is "discretionary and includes a number of exceptions," *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 52 (2d Cir. 2004); *see also Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), no exceptions are warranted here.[1] The BIA may find that the evidence proffered at Cepeda's bond

---

[1] Cepeda argues, *inter alia*, that pursuing an administrative remedy would be futile because the BIA is precluded from entertaining his constitutional claims. Although the BIA "does not have jurisdiction to adjudicate constitutional issues," *U.S. v. Gonzalez-Roque*, 301 F.3d 39, 48 (2d Cir. 2002), it can review, and reverse, the IJ's bond determination, *see* 8 C.F.R. §§ 1003.19(f), 1003.38, 1236.1(d)(3); *cf. In re Guerra*, 24 I. & N. Dec. 37 (BIA Sept. 28, 2006). Reversal of the IJ's decision, on whatever grounds, would render disposition of Cepeda's constitutional concerns unnecessary. *See, e.g.*, *Herrera v. Mechkowski*, No. 15 Civ. 7058, 2016 WL 595999, at *1 (S.D.N.Y. Feb. 11, 2016).

hearing did not sufficiently establish his danger to the public, rendering Cepeda's claim in this Court moot.[2] It is prudent to give "the agency the first crack at correcting its own errors," especially when "administrative resolution of [a petitioner's] claims may . . . enable the agency to resolve the case on nonconstitutional grounds." *Abbey v. Sullivan*, 978 F.2d 37, 45 (2d Cir. 1992); *see also Public Utils. Comm'n v. U.S.*, 355 U.S. 534, 539-40 (1958) ("If . . . an administrative proceeding might leave no remnant of the constitutional question, the administrative remedy plainly should be pursued." (citations omitted)). Accordingly, Cepeda's petition is STAYED pending resolution of his appeal to the BIA.[3]

---

[2] Cepeda contends that his detention is unconstitutional in other ways, though each claim is either not reviewable by this Court or would best be addressed, if necessary, after the BIA adjudicates Cepeda's appeal. First, Cepeda argues that he is not subject to § 1226(c)'s mandatory detention requirement because his conviction under NYPL § 220.31 is not a deportable offense. A challenge to removability, however, must be brought to the BIA and then, on review, to the Second Circuit. *Luna v. Holder*, 637 F.3d 85, 86 (2d Cir. 2011) ("[T]he sole and exclusive means of challenging a final order of removal is to file a petition for review in a federal court of appeals."); *accord.* 8 U.S.C. § 1252. Second, Cepeda's argument that the IJ failed to consider conditional parole challenges a discretionary determination which the Court cannot review, or, at the very least, should first be exhausted administratively. And finally, the law does not support Cepeda's argument that the length of his detention is unreasonable absent a finding that the IJ's decision that Cepeda was dangerous was unjustified. *See Lora*, 804 F.3d at 615 (explaining that, although a timely bond hearing is required, § 1226(c) authorizes mandatory detention for the period of the non-citizen's removal proceedings).

[3] A stay is appropriate when the Court has jurisdiction over the habeas petition but the petitioner must, or should, seek administrative relief first. *See, e.g.*, *Ceballos v. Ridge*, No. 04 Civ. 7304, 2004 WL 2849604 (S.D.N.Y. Nov. 12, 2004); *Rodriguez v. Portunodo*, No. 01 Civ. 547, 2003 WL 22966293 (S.D.N.Y. Dec. 15, 2003); *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) ("When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies.").

**CONCLUSION**

For the foregoing reasons, the proceedings are STAYED. By the sooner of **June 22, 2016 and every thirty (30) days thereafter**, and the date that the BIA issues a decision on Cepeda's appeal, the parties shall submit a joint letter reporting the status of the case. The Clerk of Court is directed to terminate the motion at ECF No. 23.

SO ORDERED.

Dated: April 22, 2016
New York, New York

ANALISA TORRES
United States District Judge